**SIGNED.**

**Dated: September 15, 2008**

_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| JASON R. WALLACE, | ) | No. 4:07-bk-02592-JMM |
| | ) | |
| Debtor(s). | ) | Adversary No. 4:08-ap-00139-JMM |
| | ) | |
| KIMBERLY SUOR (WALLACE), | ) | **MEMORANDUM DECISION** |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| JASON R. WALLACE, | ) | |
| | ) | |
| Defendant. | ) | |

On September 11, 2008, this adversary proceeding came on for trial. The Plaintiff represented herself; the Defendant was represented by James J. Gentile. After consideration of the facts and the law, the court renders its decision.

## **FACTS**

The parties were previously married. On June 12, 2006, their marriage was dissolved. The parties were granted joint custody of their two children, one of whom requires special needs.

The consent decree included an agreement wherein the wife (Plaintiff in this action) agreed to waive future spousal support payments, with a proviso that the husband

1  (Debtor/Defendant) "shall pay the lump sum of $100,000, directing to [wife] in lieu of a spousal

2  maintenance award." (Consent Decree of Dissolution Order, filed June 12, 2006 at 2, para. 7, 5,

3  para. 3(a)).

4

5  **ISSUES**

6

7  1.  Is the Defendant/Debtor's agreement to pay $100,000 intended as a property

8  settlement or is it instead in the nature of support?

9  2.  Has the wife/Plaintiff waived her right to claim the $100,000, since the Debtor

10  failed to timely pay it?

11  3.  Is the $100,000 debt a non-dischargeable obligation?

12

13  **LAW**

14

15  Domestic support obligations are non-dischargeable. 11 U.S.C. § 523(a)(5). A

16  "domestic support obligation" is defined in 11 U.S.C. § 101(14A) as a pre-petition debt that is

17  recoverable by a former spouse that is in the nature of alimony, maintenance, or support, without

18  regard to whether such debt expressly so designates, pursuant to an agreement, divorce decree or

19  property settlement agreement, or by a court order.

20

21  **A, Spousal Maintenance or Property Settlement**

22

23  As for the first issue, the court finds that the $100,000 was intended by the parties to

24  be "in the nature of" alimony or spousal support. The agreement clearly expresses this intent. It is

25  apparent that the husband/Defendant desired to be relieved of future ongoing alimony payments, and

26  "in lieu" thereof, agreed to pay wife/Plaintiff $100,000. The words "in lieu of" mean "instead of or

27  in place of" or "in exchange for. " BLACK'S LAW DICTIONARY (8th ed. 2004)

28

2

That this lump-sum payment was not intended as part of a property division is also demonstrated by the specific list of property divided, attached to the decree, where all of the couple's tangible property was equitably divided.

While property division of the couple's tangible property is dealt with in a separate section of the court's order, the $100,000 lump-sum payment is found in its own, separate section entitled: "Spousal Maintenance/Support."

The parties' intention is clear, to provide a one-time payment to wife, to relieve the husband of future spousal maintenance obligations.

The court finds that the $100,000 payment is a domestic support obligation.

## B. Waiver

The Defendant maintains that his failure to timely pay this $100,000 debt constitutes a legal waiver by wife of her right to receive it. Nothing in the record, or the agreement, supports this argument. Nowhere do the divorce instruments provide such a windfall to the Defendant, for his voluntary decision not to pay.

That he chose not to pay a legal obligation does not relieve Defendant of that responsibility. He is merely delinquent. Wife/Plaintiff is therefore entitled to reapply to the Superior Court either for a contempt citation, or to enforce the provision as one would any other unpaid debt. There is no indication that the Wife agreed to voluntarily waive her right to this one time payment of $100,000.

Moreover, nothing in the "Exhibit A" attached to the decree mentions the $100,000 owed to wife as being a "debt" of the community.

The Defendant's defense of legal waiver, therefore, fails for lack of any evidence supporting that conclusion.

Case 4:08-ap-00139-JMM    Doc 17    Filed 09/15/08    Entered 09/16/08 09:52:51    Desc
Main Document    Page 3 of 7

## C. **Application of Law to the Facts**

As noted above, pursuant to § 523(a)(5), "domestic support obligations" are nondischargeable. Section 101(14)(A) defines that term to mean a debt that is "in the nature of alimony, maintenance, or support ...," so the issue of what obligations are "in the nature of support" remains an issue for the court to decide. *In re MacGibbon*, 383 B.R. 749, 760 (Bankr. W.D. Wash. 2008)

The plaintiff must establish her case by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991).

Where, as here, the award was made in a contested proceeding, the intent of the state court trial judge is dispositive in determining the nature of the award. *MacGibbon*, 383 B.R. at 762-63 (citing *Gionis v. Wayne (In re Gionis)*, 170 B.R. 675, 682 (9th Cir. BAP 1994), *aff'd*, 92 F.3d 1192 (9th Cir.1996); *In re Jodoin*, 209 B.R. 132, 138 (9th Cir. BAP 1997)).

As explained by Chief Judge Pappas in *In re Kimball*, 253 B.R. 920, 923 (Bankr. D. Idaho 2000):

> Because this Court is primarily concerned with discerning the intent of the state court judge in characterizing the various obligations imposed upon Defendant in the divorce action, it is the state court's formal Findings, Conclusions, and Decree that are the primary focus of this Court's inquiry.

A bankruptcy court is not bound by the labels used in the state court but rather is able to make an independent decision. *See* 11 U.S.C. § 101(14)(A) (defining "domestic support obligation" as a debt "in the nature of alimony, maintenance, or support . .. without regard to whether such debt is expressly so designated"); *see also Shine v. Shine*, 802 F.2d 583, 586 (1st Cir. 1986). The relevant time period for the inquiry is the time when the state court's order was entered. *In re Seixas*, 239 B.R. 398, 402 (9th Cir. BAP 1999).

This court's task is to examine all of the circumstances and decide if the award is in the nature of spousal maintenance. Support payments tend to mirror the recipient spouse's need for support. *See In re Chang*, 163 F.3d 1138, 1140 (9th Cir. 1998); .*Shaver v. Shaver*, 736 F.2d 1314,

4

1317 (9th Cir. 1984). Debts actually in the nature of alimony, maintenance, or support are nondischargeable.

According to the Ninth Circuit, the foremost consideration in determining if a debt is in the nature of support is:

> . . . . whether the recipient spouse actually needed spousal support at the time of the divorce. . . . In determining whether spousal support was necessary, the trial court should examine if there was an "imbalance in the relative income of the parties" at the time of the divorce decree.

*In re Sternberg*, 85 F.3d 1400, 1405 (9th Cir. 1996) (citations omitted), *rev'd* on other grounds, *In re Bammer*, 131 F.3d 788 (9th Cir.1997) (en banc).

The main factors a court needs to consider are "(1) an absence of support payments in the decree, then (2) the presence of minor children in the marriage and (3) a disparity of income between the parties may serve as indicia of need." *MacGibbon*, 383 B.R. at 762 (citing *In re Gionis*, 170 B.R. 675, 682 (9th Cir. BAP 1994) and *Shaver*, 736 F.2d at 1316).

In *In re Gibbons,* 160 B.R. 473, (Bankr. D. R.I. 1993), the state court had ordered the husband to transfer 75 percent of the marital assets to the wife "in lieu of alimony." The bankruptcy court determined, based on the application of a seven-factor test, that this award was nondischargeable alimony. *Id.* at 7. The district court affirmed, stating: "Under these circumstances, it appears obvious that those words signified the maker's intent that the property serve the purpose of alimony by providing for [the wife's] future support." *Gibbons v. Gibbons,* 1995 WL 17017348 *1 (D.R.I. 1995).

In *In re Zaino*, 316 B.R. 1 (Bankr. D. R.I. 2004), the bankruptcy court cited *Gibbons* in finding that an award of $208,000 payable at $1,000 per week for four years, which was labeled "in lieu of alimony," was nondischargeable. Importantly, in *Zaino*, as in this case, the Settlement Agreement also stated that the parties had waived any alimony, and yet it still held that the cash award was in the nature of alimony. *Id.* at 6-8.

5

1    Even though Suor agreed, and the state court found, in the Consent Order, that neither

2    party was "entitled" to future "spousal maintenance," the bankruptcy court may look behind the

3    parties' labels to the substance of the obligation in the agreement. *In re Kritt*, 190 B.R. 382, 387

4    (9th Cir. BAP 1995). In *Kritt,* the debtor had actually waived her right to spousal support in the

5    marital settlement agreement, and the obligation of the debtor-husband to pay her a sum of $325,000

6    was specifically designated as an award of community property. Nonetheless, the bankruptcy court

7    decided that the award was nondischargeable spousal maintenance, pursuant to § 523(a)(5), and the

8    BAP affirmed. *Id.*

9    Application of the Ninth Circuit's *MacGibbon* factors favors the wife in this case. She

10   agreed to accept a $100,000 lump sum instead of periodic spousal support payments; she remained

11   the primary custodial parent of the parties' two minor children, and there is a disparity of income,

12   evidenced by the husband Defendant's agreement to pay $913,000 in community debt obligations,

13   while wife was responsible for none. Moreover, the wife in this case had remained at home for

14   many years, caring for the couple's children.

16                                    **RULING**

18   A separate order will issue which finds the Defendant's $100,000 obligation to wife

19   Plaintiff to be a non-dischargeable obligation. Wife / Plaintiff may return to the Superior Court to

20   enforce it.

21   A separate judgment will issue. FED. R. BANKR. P. 9021.

23   DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Notification Center ("BNC") to the following:

James J. Gentile
Attorney for Debtor/Defendant

Kimberly Suor (Wallace)
Plaintiff

Gayle Eskay Mills
Trustee

Office of the U.S. Trustee



7